IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:21-CR-3130 |
| vs. | |
| TOMMY L. MEYER, | TENTATIVE FINDINGS |
| Defendant. | |

The Court has received the revised presentence investigation report in this case. There are no objections to the presentence report. The defendant has filed a motion for downward departure (filing 45).

IT IS ORDERED:

1. The Court will consult and follow the Federal Sentencing Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220 (2005) and subsequent cases. In this regard, the Court gives notice that, unless otherwise ordered, it will:

    (a) give the advisory Guidelines respectful consideration within the context of each individual case and will filter the Guidelines' advice through the 18 U.S.C. § 3553(a) factors, but will not afford the Guidelines any particular or "substantial" weight;

    (b) resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury;

(c) impose upon the United States the burden of proof on all Guidelines enhancements;

(d) impose upon the defendant the burden of proof on all Guidelines mitigators;

(e) depart from the advisory Guidelines, if appropriate, using pre-*Booker* departure theory; and

(f) in cases where a departure using pre-*Booker* departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason justifying a sentence different than that called for by application of the advisory Guidelines, again without affording the Guidelines any particular or "substantial" weight.

2. There are no objections that require resolution at sentencing. The defendant has filed a motion for downward departure (filing 45) asking the Court to impose a sentence that runs concurrently, or at least partly concurrent, to an as-yet undischarged state sentence "dating back to May 19, 2021." *See* filing 46.

The defendant's argument relies on U.S.S.G. § 5G1.3(d), which provides that in a "case involving an undischarged term of imprisonment, the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense." But to get retroactive credit, the defendant points to § 5G1.3 cmt. n.4(E), which notes that

> in an extraordinary case involving an undischarged term of imprisonment under subsection (d), it may be appropriate for the court to downwardly depart. This may occur, for example, in a case in which the defendant has served a very substantial period of imprisonment on an undischarged term of imprisonment that resulted from conduct only partially within the relevant conduct for the instant offense.

But contrary to the defendant's suggestion that "at least some of the reason for imposition of [his undischarged state] sentence is the instant offense;" filing 45 at 1, his prior offense isn't even partially relevant conduct. He was sentenced in 2017 to a term of 18 to 36 months imprisonment for driving on a revoked license, and in 2019 to a term of 3 to 5 years on a state drug offense. He was paroled on both those charges in 2020, but parole was revoked in 2021.

It is true that the revocation of his state parole was based on charges related to the instant offense. But the fact that conduct underlying a federal charge resulted in the revocation of parole and imposition of imprisonment on a state conviction does not make the conduct underlying the state conviction "relevant" to the federal conviction for purposes of § 5G1.3. *See United States v. Jones*, 628 F.3d 1044, 1049 (8th Cir. 2011); *see also United States v. Hamilton*, 583 F. App'x 572, 573 (8th Cir. 2014). And the defendant has pointed to nothing else tending to suggest that his 2019 drug offense should be considered "relevant conduct" to the instant offense. *See, e.g., United States v. Hernandez*, 712 F.3d 407, 409 (8th Cir. 2013) (affirming conclusion that prior drug possession offense was "separate and distinct" when conduct underlying

prior conviction was neither alleged in subsequent indictment nor used to prove offense of conviction).

Accordingly, the Court's preliminary finding is that the basis for departure suggested by § 5G1.3 cmt. n.4(E) is not present here. But the Court will consider all the defendant's circumstances, including his present incarceration, when determining how the defendant's federal sentence should run pursuant to § 5G1.3(d), and what sentence is appropriate when all the § 3553(a) factors are considered.

3. Except to the extent, if any, that the Court has sustained an objection, granted a motion, or reserved an issue for later resolution in the preceding paragraph, the parties are notified that the Court's tentative findings are that the presentence report is correct in all respects.

4. If any party wishes to challenge these tentative findings, that party shall, as soon as possible (but in any event no later than three (3) business days before sentencing) file with the Court and serve upon opposing counsel an objection challenging these tentative findings, supported by a brief as to the law and such evidentiary materials as are required, giving due regard to the local rules of practice governing the submission of evidentiary materials. If an evidentiary hearing is requested, such filings should include a statement describing why a hearing is necessary and how long such a hearing would take.

5. Absent timely submission of the information required by the preceding paragraph, the Court's tentative findings may become final and the presentence report may be relied upon by the Court without more.

- 5 -

6. Unless otherwise ordered, any objection challenging these tentative findings shall be resolved at sentencing.

Dated this 4th day of November, 2022.

BY THE COURT:

John M. Gerrard
United States District Judge